IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| GARRY BROWNLEE, § | |
| Petitioner, § | |
| § | |
| v. § | Civil Action No. 4:16-CV-777-O |
| § | (Consolidated with Nos. 4:16-CV-793-O |
| LORIE DAVIS, Director, § | and 4:16-CV-794-O) |
| Texas Department of Criminal Justice, § | |
| Correctional Institutions Division, § | |
| Respondent. § | |

**OPINION AND ORDER**

Before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by Petitioner, Garry Brownlee, a state prisoner confined in the Correctional Institutions Division of the Texas Department of Criminal Justice (TDCJ), against Lorie Davis, Director of TDCJ, Respondent. After considering the pleadings and relief sought by Petitioner, the Court has concluded that the petition should be dismissed as time-barred.

**I. BACKGROUND**

In 2007 in Comanche County, Texas, Case Nos. CCCR-07-03016, CCCR-07-03017, and CCCR-07-03018, Petitioner was indicted on three counts of aggravated sexual assault of A.S., a child younger than 14 years of age. Adm R., Clerk's Rs., ECF Nos. 13-7, 13-8 & 13-9. On September 10, 2008, a jury found Petitioner guilty on all counts and true to a sentencing-enhancement allegation in the indictments and assessed his punishment at life imprisonment in TDCJ in each case. Petitioner appealed his convictions, but the Eleventh Court of Appeals of Texas affirmed the trial court's judgments, and, on September 29, 2010, the Texas Court of Criminal Appeals refused his petitions for discretionary review. *Id.,* Docket Sheets, ECF Nos. 13-1, 13-2 & 13-3. Petitioner did not seek writ of certiorari. Pet. 3, ECF No. 1. Petitioner also challenged his

convictions in seven state habeas-corpus applications. The first, filed on February 22, 2011, was denied without written order on March 16, 2011, by the Texas Court of Criminal Appeals. Adm. R., Writ Rec'd cover & 2, ECF No. 14-19.[1] The second, third, and fourth applications were filed on August 25, 2014, and denied by the Texas Court of Criminal Appeals on May 13, 2015, without written order on the findings of the trial court after an evidentiary hearing. *Id.*, Action Taken, ECF Nos. 14-20, 15-20 & 16-16. The fifth, sixth, and seventh applications were filed on September 17, 2015, and dismissed by the Texas Court of Criminal Appeals on November 11, 2015, as subsequent applications under article 11.04, § 4(a)-(c) of the Texas Code of Criminal Procedure. *Id.*, Action Taken, ECF Nos. 17-12, 17-15 & 17-18. This federal habeas-corpus petition challenging his convictions was filed on August 10, 2016.[2] Pet. 10, ECF No. 1. In one ground for relief, Petitioner asserts that he is actually innocent and that he received ineffective assistance of trial counsel because counsel had personal knowledge of exculpatory evidence from a pretrial interview with the child victim but failed to preserve the evidence for trial via "audio recording, video recording, certified reporter, and or other witnesses like a licensed attorney or two." Pet. 6, ECF No. 1; Pet'r's Reply 3, ECF No. 20. Respondent contends the petition is untimely under the federal one-year statute of limitations. Resp't's Answer 4-8, ECF No. 18.

## II. LEGAL DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 (the AEDPA), imposes a one-year statute of limitations for filing a petition for federal habeas corpus by a person in state custody.

---

[1] Although a habeas petitioner's state-habeas application is deemed filed when placed in the prison mailing system, Petitioner's applications do not provide those dates. Thus, Petitioner is not given the benefit of the prison mailbox rule. *Richards v. Thaler*, 710 F.3d 573, 578-79 (5th Cir. 2013).

[2] Likewise, a prisoner's pro se federal habeas-corpus petition is deemed filed when placed in the prison mailing system. *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998).

Section 2244(d) provides:

> (1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitations period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitations under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

Petitioner asserts that subsection (D) applies because he first learned of the factual predicate of his ineffective-assistance claim when his trial counsel testified on March 6, 2015, at the live evidentiary hearing on his second, third, and fourth state habeas applications, that A.S. denied that Petitioner ever did anything inappropriate with her or sexually assault her in an interview before trial. Pet'r's Reply 2, ECF No. 20; Adm. R., Reporter's R.16, 20, ECF No. 16-11. Assuming Petitioner's assertion to be true, for purposes of subsection (D), the discovery of the factual predicate of Petitioner's claim occurred on the date counsel testified, triggering limitations, which expired one year later on March 6, 2016. Thus, Petitioner's federal petition was due on or before March 6, 2016,

absent any tolling.

Petitioner's fifth, sixth, and seventh state habeas applications, relevant to Petitioner's ineffective-assistance-of-counsel claim, operated to toll limitations under the statutory provision 56 days, making Petitioner's federal petition due on or before May 1, 2016. 28 U.S.C. § 2244(d)(2). Thus, Petitioner's petition filed on August 10, 2016, is untimely unless he is entitled to tolling as a matter of equity.

Equitable tolling is permitted only in rare and exceptional circumstances when, although pursuing his rights diligently, an extraordinary factor beyond the petitioner's control prevents him from filing in a timely manner or he can prove that he is actually innocent of the crime(s) for which he was convicted. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013); *Holland v. Florida*, 560 U.S. 631, 649 (2010). A petitioner attempting to overcome the expiration of the statute of limitations by showing actual innocence is required to produce "new reliable evidence–whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence"–sufficient to persuade the district court that "no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *McQuiggin,* 569 U.S. at 386 (quoting *Schup v. Delo,* 513 U.S. 298, 329 (1995)). Petitioner has not made such a showing. The state habeas court, having before it both the testimony by counsel and A.S. from the live evidentiary hearing and the record from petitioner's trial, expressly rejected A.S.'s recantation and counsel's testimony that A.S. denied the events before trial and concluded that Petitioner had not by clear and convincing evidence shown that no reasonable juror would have convicted him in the light of the new evidence. Adm. R., Supp. Clerk's R. 4-13, ECF No. 17-8. Petitioner presents no evidence of a clear and convincing character that would refute the state court's factual findings, including its credibility determinations, which are

entitled to the presumption of correctness. *See* 28 U.S.C. § 2254(e)(1). Because Petitioner has not shown himself to be actually innocent, he presents nothing that would excuse his failure to pursue federal habeas-corpus relief in a timely manner.

Accordingly, Petitioner's federal petition was due on or before May 1, 2016. His petition filed on August 10, 2016, is therefore untimely.

## III. CONCLUSION

For the reasons discussed herein, the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **DISMISSED** as time-barred. Further, for the reasons discussed herein, a certificate of appealability is **DENIED**.

**SO ORDERED** on this 12th day of June, 2018.

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**